**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123327

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Stokes,<br><br>                    Plaintiff,<br><br>     v.<br><br>Cultureedit, LLC and Joshua Scholl LLC,<br><br>                    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Stokes ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Cultureedit, LLC and Defendant Joshua Scholl LLC (collectively "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant Cultureedit, LLC owns and operates a website known as

tomoffinlandstore.com (the "*Website*").

4. Defendant Joshua Scholl LLC designs and creates clothing apparel for both men and women.

5. Defendant Joshua Scholl LLC, using the Plaintiff's Photograph, created a long sleeve sweater design with the Photograph affixed to the front of the sweater (the "*Clothing Article*").

6. Defendants, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Website via the Clothing Article and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Michael Stokes is an individual who is a citizen of the State of California and maintains a principal place of business at 1201 Alvira Street, Los Angeles in Los Angeles County, California.

8. Upon information and belief, Defendant Cultureedit, LLC, is a California limited liability company with a principal place of business at 859 North Orange Drive, Los Angeles in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

9. Upon information and belief, Defendant Joshua Scholl LLC, is a California limited liability company with a principal place of business at 119 N. Ave. 51, #316, Los Angeles in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Cultureedit, LLC because it maintains its principal place of business in California.

12. This Court has personal jurisdiction over Joshua Scholl LLC because it maintains its principal place of business in California.

13. Venue is proper under 28 U.S.C. §1391(a)(2) because Cultureedit, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

14. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

15. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. Defendant Cultureedit, LLC is the registered owner of the Website and is responsible for its content.

19. Defendant Cultureedit, LLC is the operator of the Website and is responsible for its content.

20. Defendant Joshua Scholl LLC distributes the clothing it designs via the Website.

21. The Website is a popular and lucrative commercial enterprise.

22. The Website is monetized in that it sells merchandise to the public and, up information and belief, Defendants' profit from these activities.

23. On March 1, 2015, Plaintiff Michael Stokes authored a photograph of two male models dressed in police uniforms (the "*Photograph*"). A copy of the

Photograph is attached hereto as Exhibit 1.

24. The Photograph was registered by the USCO on October 21, 2015 under Registration No. VAu 1-224-487.

25. On November 25, 2020, Plaintiff observed the Photograph on the Website. A copy of the screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

26. The Photograph was displayed at URL: https://tomoffinlandstore.com/products/cops-crew-neck-sweater-by-skim-milk.

27. The Photograph was stored at URL: https://cdn.shopify.com/s/files/1/1705/1039/products/050_CultureEdit_0919_shot_19_low_1024x.jpg.

28. Without permission or authorization from Plaintiff, Defendants volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Website.

29. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

30. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

31. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendants on the Website via the Clothing Article.

32. Upon information and belief, Defendant Cultureedit, LLC takes an active and pervasive role in the content posted on its Website, including, but not

limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

33. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendants.

34. Upon information and belief, Defendants are not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

35. Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36. Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

37. Upon information and belief, Defendant Cultureedit, LLC had complete control over and actively reviewed and monitored the content posted on the Website.

38. Upon information and belief, Defendant Cultureedit, LLC has the legal right and ability to control and limit the infringing activities on the Website and exercised and/or had the right and ability to exercise such right.

39. Upon information and belief, Defendant Cultureedit, LLC monitors the content on the Website.

40. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringement.

41. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendants to realize an increase in their merchandise sales.

42. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

43. Upon information and belief, Defendants at all times had the ability

to stop the reproduction and display of Plaintiff's copyrighted material.

44. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

45. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

46. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

47. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

48. Plaintiff has not licensed Defendants the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendants.

49. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

50. Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

51. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or

authority, by using it in the infringing Clothing Article which was then displayed via the Website.

52. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

53. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

54. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Contributory Copyright Infringement)*

55. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

56. Defendant Joshua Scholl LLC herein has caused enabled, facilitated and materially contributed to the Infringement by providing the Photograph to Cultureedit, LLC as part of its design of the Clothing Article.

57. Defendant Joshua Scholl LLC is liable as a contributory infringer since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30

(2005); A&M Records, Inc. v. Napster, Inc. 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

58. Defendant Joshua Scholl LLC's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

59. Plaintiff is informed and believes and thereon alleges that the Defendant Joshua Scholl LLC willfully contributorily infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

60. As a result of Defendant Joshua Scholl LLC's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

61. As a result of the Defendant Joshua Scholl LLC 's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

62. As a result of Defendant Joshua Scholl LLC 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

63. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and

award damages and monetary relief as follows:

    a.    finding that Defendants infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

    e.    for pre judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: October 4, 2021

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123327

*Attorneys for Plaintiff*